# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. TOTH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MATHEW CATE, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:09-cv-01432-GSA PC<br><br>ORDER DENYING REQUESTS FOR<br>JUDICIAL NOTICE AS PREMATURE<br><br>(Docs. 6 and 7) |

Plaintiff R. Toth, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 14, 2009. On August 31, 2009, Plaintiff filed requests for judicial notice of Judge Karlton's finding that the California Department of Corrections and Rehabilitation's grievance procedure is inadequate and of the court order in In re Britton, case number 07CRWR678445, in which the Honorable Gary D. Hoff of the Fresno County Superior Court ordered Respondent and Pleasant Valley State Prison to provide inmates with copies of their appeals at all levels, and to assign tracking numbers to all appeals at all levels.

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts may take judicial notice of matters of public record, U.S. v. 14.02 Acres of Land More or Less in Fresno County, 547 F.3d 943, 955 (9th Cir. 2008), and may take judicial notice of court records, Papai v. Harbor Tug And Barge Co., 67 F.3d 203, 207 n.5 (9th Cir. 1995). However, while "[j]udicial notice may be taken at any stage of the proceeding," Fed. R. Evid.

1

201(f), the Court will not take judicial notice of matters in a vacuum. The request must be made in conjunction with a proceeding or filing in which it would be appropriate to take judicial notice of the matters requested.

Here, Plaintiff's requests were filed separately from any pleading, motion, or other matter. Further, in a separate order issued concurrently with this order, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. Without an operative pleading in place setting forth a viable claim for relief under federal law, there is no matter pending before the Court for which judicial notice of facts would be appropriate. For this reason, Plaintiff's request is HEREBY DENIED as premature.

IT IS SO ORDERED.

Dated: **February 11, 2010**  /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE