|  |  |
|---|---|
| R. TOTH, | 1:09-cv-01432-GSA-PC |
| Plaintiff, | ORDER GRANTING MOTION FOR RECONSIDERATION (Doc. 16.) |
| vs. | ORDER VACATING ORDER OF APRIL 23, 2010 (Doc. 14.) |
| MATHEW CATE, et al., | ORDER VACATING JUDGMENT ENTERED ON APRIL 23, 2010, (Doc. 15.) |
|  | ORDER DIRECTING CLERK TO REOPEN CASE |
| Defendants. | ORDER GRANTING EXTENSION OF TIME TO FILE FIRS AMENDED COMPLAINT |
|  | THIRTY DAY DEADLINE |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**I.   BACKGROUND**

R. Toth ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 14, 2009. (Doc. 1.) On August 26, 2009, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 4.) Therefore, pursuant to Appendix A(k)(4) of the Local

1

1 Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in
2 the case until such time as reassignment to a District Judge is required.  Local Rule Appendix
3 A(k)(3).
4      On February 12, 2010, the court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A
5 and dismissed the complaint based on plaintiff's failure to state a claim upon which relief may be
6 granted, with leave to amend the complaint within thirty days.  (Doc. 12.)  More than sixty days
7 passed, and plaintiff did not amend the complaint or otherwise respond to the court's order.  On April
8 23, 2010, the undersigned issued an order dismissing this action, with prejudice, based on plaintiff's
9 failure to state a claim, and judgment was entered.  (Docs. 14, 15.)  On June 23, 2010, plaintiff filed
10 a motion for reconsideration of the court's order and judgment.  (Doc. 16.)

11 **II.     MOTION FOR RECONSIDERATION**

12      The Court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d
13 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992).
14 Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin
15 Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983)
16 (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce
17 the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634
18 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d
19 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 230(j) requires a party to
20 show the "new or different facts or circumstances claimed to exist which did not exist or were not
21 shown upon such prior motion, or what other grounds exist for the motion."  L.R. 230(j).

22      Plaintiff brings a motion for reconsideration of the court's order dismissing this action, issued
23 on April 23, 2010, and the judgment entered on the same date.  (Docs. 15, 14.)  Plaintiff argues that
24 this case should be reopened pursuant to Rule 60 of the Federal Rules of Civil Procedure, due to
25 extraordinary circumstances.  Rule 60(b)(6) provides that "[O]n motion and just terms, the court may
26 relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . .
27 reason that justifies relief."  Plaintiff declares that on March 10, 2010, she sent a motion for
28

2

extension of time to the court, by delivering the motion to prison authorities for mailing.[1] (Doc. 16 at 1.)  In the motion, plaintiff requested an extension of time to file her amended complaint as instructed by the court's order of February 12, 2010.  Id.  As evidence that she sent the motion, plaintiff submits a copy of the motion for extension of time, signed by plaintiff and dated May 10, 2010, and a copy of the Trust Account Withdrawal Order dated May 10, 2010, by which she requested withdrawal of $.44 for postage to mail the motion for extension of time.  (Exhibits to M for Reconsideration, Doc. 16.)  On April 23, 2010, the court issued its order dismissing this action, based on plaintiff's failure to file an amended complaint or to respond otherwise to the court's order of February 12, 2010.  (Doc. 14.)  Plaintiff concludes that the court either overlooked her motion for extension of time or never received it. (Doc. 16 at 3.)

       Plaintiff has provided evidence of circumstances which the court could not have known when deciding to dismiss this action and enter judgment on April 23, 2010, based on plaintiff's failure to respond to the court's order of February 12, 2010 which required her to file an amended complaint.  Plaintiff has provided ample evidence that she attempted to file a motion for extension of time on March 10, 2010, in response to the court's order.  A review of the court's record shows no evidence that the court received plaintiff's motion for extension of time.  It appearing that plaintiff reasonably attempted to respond to the court's order of February 12, 2010, the court finds it justified to vacate the order dismissing this action and the judgment entered on April 23, 2010, and direct the Clerk to reopen the case.  In addition, plaintiff shall be granted an extension of time in which to file an amended complaint.

### III.   CONCLUSION

       In light of the foregoing, IT IS HEREBY ORDERED that:

    1.    Plaintiff's motion for reconsideration, filed on June 23, 2010, is GRANTED;

    2.    The court's order of April 23, 2010, which dismissed this action, is VACATED;

---

[1] Plaintiff is a male to female transsexual and requests the use of the pronoun "she."

3. The judgment entered on April 23, 2010 in this action is VACATED;

4. The Clerk is DIRECTED to reopen this case;

5. Plaintiff is GRANTED an extension of time in which to file an amended complaint;

6. Within thirty days from the date of service of this order, plaintiff shall file an amended complaint, pursuant to the court's order of February 12, 2010; and

7. Plaintiff's failure to comply with this order shall result in the dismissal of this action for failure to state a claim and failure to obey a court order.

IT IS SO ORDERED.

Dated:   **June 24, 2010**              /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE

4